1  SO. CAL. EQUAL ACCESS GROUP
   Jason J. Kim (SBN 190246)
2  Jason Yoon (SBN 306137)
   101 S. Western Ave., Second Floor
3  Los Angeles, CA 90004
   Telephone: (213) 252-8008
4  Facsimile:  (213) 252-8009
   scalequalaccess@yahoo.com
5
   Attorneys for Plaintiff
6  JESUS GARCIA

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 JESUS GARCIA,                          | **Case No.:**

12          Plaintiff,                    | COMPLAINT FOR INJUNCTIVE
                                          | RELIEF AND DAMAGES FOR
13     vs.                                | VIOLATION OF:

14 MJM VALLEJO MINI-MARKET INC.;          | 1.  AMERICANS WITH DISABILITIES
                                          | ACT, 42 U.S.C. §12131 et seq.;
15 and DOES 1 to 10,
                                          | 2.  CALIFORNIA'S UNRUH CIVIL
16          Defendants.                   | RIGHTS ACT, CAL CIV. CODE §§ 51 -
                                          | 52 et seq.;
17
                                          | 3.  CALIFORNIA'S DISABLED
18                                        | PERSONS ACT, CAL CIV. CODE §54 et
                                          | seq.
19
                                          | 4.  CALIFORNIA'S UNFAIR
20                                        | COMPETITION ACT, CAL BUS & PROF
                                          | CODE § 17200, et seq.
21
                                          | 5.  NEGLIGENCE
22

23

24

25      Plaintiff JESUS GARCIA ("Plaintiff") complains of Defendants MJM VALLEJO

26 MINI-MARKET INC.; and DOES 1 to 10 ("Defendants") and alleges as follows:

27 //

28 //

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction of this action pursuant to 28 USC §1331 for violation of the Americans with Disabilities Act of 1990, (42 USC §12101, *et seq*.)

2.      Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operating facts, are also brought under California law, including, but not limited to, violations of California Civil Code §§51, 51.5, 52(a), 52.1, 54, 54., 54.3 and 55.

3.      Venue is proper in this court pursuant to 28 USC §1391(b). The real property which is the subject of this action is located in this district, Los Angeles County, California, and Plaintiff's causes of actions arose in this district.

**PARTIES**

4.      Plaintiff is a California resident with a physical disability with substantial limitation in his ability to walk.  Plaintiff suffers from paraplegia due to T4-T5 spinal cord injury and requires the use of a wheelchair at all times when traveling in public.

5.      Defendants are, or were at the time of the incident, the real property owners, business operators, lessors and/or lessees of the real property for a gas station and convenience store ("Business") located at or about 10717 Carmenita Rd., Whittier, California.

6.      The true names and capacities, whether individual, corporate, associate or otherwise of Defendant DOES 1 through 10, and each of them, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint when the true names and capacities have been ascertained.  Plaintiff is informed and believes and, based thereon, alleges that each such fictitiously named Defendants are responsible in some manner, and therefore, liable to Plaintiff for the acts herein alleged.

7.      Plaintiff is informed and believes, and thereon alleges that, at all relevant times, each of the Defendants was the agent, employee, or alter-ego of each of the other Defendants, and/or was acting in concert with each of the other Defendants, and in doing

1   the things alleged herein was acting with the knowledge and consent of the other

2   Defendants and within the course and scope of such agency or employment relationship.

3       8.      Whenever and wherever reference is made in this Complaint to any act or

4   failure to act by a defendant or Defendants, such allegations and references shall also be

5   deemed to mean the acts and failures to act of each Defendant acting individually, jointly

6   and severally.

7                           **FACTUAL ALLEGATIONS**

8       9.      In or about June of 2022, Plaintiff went to the Business. The Business is a

9   gas station and convenience store business establishment, which is open to the public,

10  and is a place of public accommodation and affects commerce through its operation.

11  Defendants provide parking spaces for customers.

12      10.     While attempting to enter the Business during each visit, Plaintiff personally

13  encountered a number of barriers that interfered with his ability to use and enjoy the

14  goods, services, privileges, and accommodations offered at the Business.  To the extent

15  of Plaintiff's personal knowledge, the barriers at the Business included, but were not

16  limited to, the following:

17          a.      Defendants failed to comply with the federal and state standards for

18                  the parking space designated for persons with disabilities.  Defendants

19                  failed to post required signage such as "Van Accessible" and

20                  "Minimum Fine $250."

21          b.      Defendant failed to maintain the parking space designated for persons

22                  with disabilities to comply with the federal and state standards.

23                  Defendants failed to maintain the paint on the ground as required.

24          c.      Defendants failed to maintain the parking space designated for

25                  persons with disabilities to comply with the federal and state

26                  standards.  Defendants failed to maintain the mark on the space with

27                  the International Symbol of Accessibility.

28

d.    Defendant failed to maintain the parking space designated for persons with disabilities to comply with the federal and state standards. Defendants failed to provide the access aisles with level surface slopes.

11.    These barriers and conditions denied Plaintiff the full and equal access to the Business.  Plaintiff wishes to patronize the Business again.  However, Plaintiff is deterred from visiting the Business because his knowledge of these violations prevents him from returning until the barriers are removed.

12.    Based on the violations, Plaintiff alleges, on information and belief, that there are additional barriers to accessibility at the Business after further site inspection. Plaintiff seeks to have all barriers related to his disability remedied.  *See Doran v. 7-Eleven*, *Inc*. 524 F.3d 1034 (9th Cir. 2008).

13.    In addition, Plaintiff alleges, on information and belief, that Defendants knew that particular barriers render the Business inaccessible, violate state and federal law, and interfere with access for the physically disabled.

14.    At all relevant times, Defendants had and still have control and dominion over the conditions at this location and had and still have the financial resources to remove these barriers without much difficulty or expenses to make the Business accessible to the physically disabled in compliance with ADDAG and Title 24 regulations.  Defendants have not removed such barriers and have not modified the Business to conform to accessibility regulations.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

15.    Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

16.    Under the Americans with Disabilities Act of 1990 ("ADA"), no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of

1   public accommodation by any person who owns, leases, or leases to, or operates a place

2   of public accommodation.  *See* 42 U.S.C. § 12182(a).

3        17.    Discrimination, *inter alia*, includes:

4             a.    A failure to make reasonable modification in policies, practices, or

5                     procedures, when such modifications are necessary to afford such

6                     goods, services, facilities, privileges, advantages, or accommodations

7                     to individuals with disabilities, unless the entity can demonstrate that

8                     making such modifications would fundamentally alter the nature of

9                     such goods, services, facilities, privileges, advantages, or

10                   accommodations.  42 U.S.C. § 12182(b)(2)(A)(ii).

11             b.    A failure to take such steps as may be necessary to ensure that no

12                   individual with a disability is excluded, denied services, segregated or

13                   otherwise treated differently than other individuals because of the

14                   absence of auxiliary aids and services, unless the entity can

15                   demonstrate that taking such steps would fundamentally alter the

16                   nature of the good, service, facility, privilege, advantage, or

17                   accommodation being offered or would result in an undue burden.  42

18                   U.S.C. § 12182(b)(2)(A)(iii).

19             c.    A failure to remove architectural barriers, and communication barriers

20                   that are structural in nature, in existing facilities, and transportation

21                   barriers in existing vehicles and rail passenger cars used by an

22                   establishment for transporting individuals (not including barriers that

23                   can only be removed through the retrofitting of vehicles or rail

24                   passenger cars by the installation of a hydraulic or other lift), where

25                   such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).

26             d.    A failure to make alterations in such a manner that, to the maximum

27                   extent feasible, the altered portions of the facility are readily

28                   accessible to and usable by individuals with disabilities, including

1
2
3
4
5
6
7
8

individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path or travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope.  42 U.S.C. § 12183(a)(2).

9
10
11
12
13
14

18.     Where parking spaces are provided, accessible parking spaces shall be provided.  1991 ADA Standards § 4.1.2(5); 2010 ADA Standards § 208.  One in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 in (2440 mm) wide minimum and shall be designated "van accessible."  1991 ADA Standards § 4.1.2(5)(b).  For every six or fraction of six parking spaces, at least one shall be van parking space.  2010 ADA Standards § 208.2.4.

15
16
17
18
19
20
21
22
23
24

19.     Under the ADA, the method and color of marking are to be addressed by State or local laws or regulations.  *See* 36 C.F.R., Part 1191.  Under the California Building Code ("CBC"), the parking space identification signs shall include the International Symbol of Accessibility.  Parking identification signs shall be reflectorized with a minimum area of 70 square inches.  Additional language or an additional sign below the International Symbol of Accessibility shall state "Minimum Fine $250."  A parking space identification sign shall be permanently posted immediately adjacent and visible from each parking space, shall be located with its centerline a maximum of 12 inches from the centerline of the parking space and may be posted on a wall at the interior end of the parking space.  *See* CBC § 11B-502.6, *et seq.*

25
26
27
28

20.     Moreover, an additional sign shall be posted either in a conspicuous place at each entrance to an off-street parking facility or immediately adjacent to on-site accessible parking and visible from each parking space.  The additional sign shall not be less than 17 inches wide by 22 inches high.  The additional sign shall clearly state in

1  letters with a minimum height of 1 inch the following: "Unauthorized vehicles parked in

2  designated accessible spaces not displaying distinguishing placards or special license

3  plates issued for persons with disabilities will be towed always at the owner's expense…"

4  *See* CBC § 11B-502.8, *et seq.*

5      21.    Here, Defendants failed to provide signs stating "Minimum Fine $250" and

6  "Van Accessible."

7      22.    For the parking spaces, access aisles shall be marked with a blue painted

8  borderline around their perimeter. The area within the blue borderlines shall be marked

9  with hatched lines a maximum of 36 inches (914 mm) on center in a color contrasting

10  with that of the aisle surface, preferably blue or white.  The words "NO PARKING" shall

11  be painted on the surface within each access aisle in white letters a minimum of 12 inches

12  (305 mm) in height and located to be visible from the adjacent vehicular way.  CBC §

13  11B-502.3.3.

14      23.    Here, Defendants failed to properly maintain the access aisles as there were

15  faded "NO PARKING" and faded blue lines painted on the parking surface.

16      24.    The surface of each accessible car and van space shall have surface

17  identification complying with either of the following options:  The outline of a profile

18  view of a wheel chair with occupant in white on a blue background a minimum 36" wide

19  by 36" high (914 mm x 914 mm). The centerline of the profile view shall be a maximum

20  of 6 inches (152 mm) from the centerline of the parking space, its sides parallel to the

21  length of the parking space and its lower side or corner aligned with the end of the

22  parking space length or by outlining or painting the parking space in blue and outlining

23  on the ground in white or a suitable contrasting color a profile view of a wheel chair with

24  occupant.  *See* CBC § 11B-502.6.4, *et seq.*

25      25.    Here, Defendants failed to maintain the mark on the surface with the

26  International Symbol of Accessibility as required.

27      26.    Under the 1991 Standards, parking spaces and access aisles must be level

28  with surface slopes not exceeding 1:50 (2%) in all directions. 1991 Standards § 4.6.2.

1   Accessible parking spaces shall be at least 96 in (2440 mm) wide.  Parking access aisles
2   shall be part of an accessible route to the building or facility entrance and shall comply
3   with 4.3. Two accessible parking spaces may share a common access aisle. Parked
4   vehicle overhangs shall not reduce the clear width of an accessible route. Parking spaces
5   and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all
6   directions.  1991 Standards § 4.6.3.

7        27.    Here, there was broken asphalt on the surface of the access aisle. Moreover,
8   the access aisle is not level with the parking space. Under the 2010 Standards, access
9   aisles shall be at the same level as the parking spaces they serve. Changes in level are not
10   permitted. 2010 Standards § 502.4. "Access aisles are required to be nearly level in all
11   directions to provide a surface for transfer to and from vehicles." 2010 Standards § 502.4
12   Advisory. *Id.* No more than a 1:48 slope is permitted.

13        28.    A public accommodation shall maintain in operable working condition those
14   features of facilities and equipment that are required to be readily accessible to and usable
15   by persons with disabilities by the Act or this part.  28 C.F.R. 35.211(a).  By failing to
16   maintain the facility to be readily accessible and usable by Plaintiff, Defendants are in
17   violation of Plaintiff's rights under the ADA and its related regulations.

18        29.    The Business has denied and continues to deny full and equal access to
19   Plaintiff and to other people with disabilities.  Plaintiff has been and will continue to be
20   discriminated against due to the lack of accessible facilities, and therefore, seeks
21   injunctive relief to alter facilities to make such facilities readily accessible to and usable
22   by individuals with disabilities.

23                                  **SECOND CAUSE OF ACTION**

24                        **VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**

25        30.    Plaintiff incorporates by reference each of the allegations in all prior
26   paragraphs in this complaint.

27        31.    California Civil Code § 51 states, "All persons within the jurisdiction of this
28   state are free and equal, and no matter what their sex, race, color, religion, ancestry,

1   national origin, disability, medical condition, genetic information, marital status, sexual

2   orientation, citizenship, primary language, or immigration status are entitled to the full

3   and equal accommodations, advantages, facilities, privileges, or services in all business

4   establishments of every kind whatsoever."

5         32.    California Civil Code § 52 states, "Whoever denies, aids or incites a denial,

6   or make any discrimination or distinction contrary to Section 51, 515, or 51.6, is liable

7   for each and every offense for the actual damages, and any amount that may be

8   determined by a jury, or a court sitting without a jury, up to a maximum of three times the

9   amount of actual damage but in no case less than four thousand dollars ($4,000) and any

10   attorney's fees that may be determined by the court in addition thereto, suffered by any

11   person denied the rights provided in Section 51, 51.5, or 51.6.

12         33.    California Civil Code § 51(f) specifies, "a violation of the right of any

13   individual under federal Americans with Disabilities Act of 1990 (Public Law 101-336)

14   shall also constitute a violation of this section."

15         34.    The actions and omissions of Defendants alleged herein constitute a denial

16   of full and equal accommodation, advantages, facilities, privileges, or services by

17   physically disabled persons within the meaning of California Civil Code §§ 51 and 52.

18   Defendants have discriminated against Plaintiff in violation of California Civil Code §§

19   51 and 52.

20         35.    The violations of the Unruh Civil Rights Act caused Plaintiff to experience

21   difficulty, discomfort, or embarrassment.  The Defendants are also liable for statutory

22   damages as specified in California Civil Code §55.56(a)-(c).

**THIRD CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA DISABLED PERSONS ACT**

25         36.    Plaintiff incorporates by reference each of the allegations in all prior

26   paragraphs in this complaint.

27         37.    California Civil Code § 54.1(a) states, "Individuals with disabilities shall be

28   entitled to full and equal access, as other members of the general public, to

1  accommodations, advantages, facilities, medical facilities, including hospitals, clinics,

2  and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles,

3  railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes

4  of transportation (whether private, public, franchised, licensed, contracted, or otherwise

5  provided), telephone facilities, adoption agencies, private schools, hotels, loading places,

6  places of public accommodations, amusement, or resort, and other places in which the

7  general public is invited, subject only to the conditions and limitations established by

8  law, or state or federal regulation, and applicable alike to all persons.

9       38.    California Civil Code § 54.3(a) states, "Any person or persons, firm or

10  corporation who denies or interferes with admittance to or enjoyment of public facilities

11  as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an

12  individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for

13  the actual damages, and any amount as may be determined by a jury, or a court sitting

14  without a jury, up to a maximum of three times the amount of actual damages but in no

15  case less than one thousand dollars ($1,000) and any attorney's fees that may be

16  determined by the court in addition thereto, suffered by any person denied the rights

17  provided in Section 54, 54.1, and 54.2.

18      39.    California Civil Code § 54(d) specifies, "a violation of the right of an

19  individual under Americans with Disabilities Act of 1990 (Public Law 101-336) also

20  constitute a violation of this section, and nothing in this section shall be construed to limit

21  the access of any person in violation of that act.

22      40.    The actions and omissions of Defendants alleged herein constitute a denial

23  of full and equal accommodation, advantages, and facilities by physically disabled

24  persons within the meaning of California Civil Code § 54.  Defendants have

25  discriminated against Plaintiff in violation of California Civil Code § 54.

26      41.    The violations of the California Disabled Persons Act caused Plaintiff to

27  experience difficulty, discomfort, and embarrassment.  The Defendants are also liable for

28  statutory damages as specified in California Civil Code §55.56(a)-(c).

**FOURTH CAUSE OF ACTION**

**UNFAIR COMPETITION ACT**

42.    Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

43.    Defendants have engaged in unfair competition, unfair or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising in violation of the Unfair Competition Act. Bus & Prof. Code §§ 17200 *et seq.*

44.    Defendants engage in business practices and policies that create systemic barriers to full and equal access for people with disability in violation of state and federal law.

45.    The actions and omissions of Defendants are unfair and injurious to Plaintiff, a consumer of the Business' goods and services.  As a result of Defendants' unfair business practice and policies, Plaintiff suffered injury in fact.  Plaintiff was not provided with goods and services provided to other consumers.  Plaintiff seeks relief necessary to prevent Defendants' continued unfair business practices and policies and restitution of any month that Defendants acquired by means of such unfair competition, including profits unfairly obtained.

**FIFTH CAUSE OF ACTION**

**NEGLIGENCE**

46.    Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

47.    Defendants have a general duty and a duty under the ADA, Unruh Civil Rights Act and California Disabled Persons Act to provide safe and accessible facilities to the Plaintiff.

48.    Defendants breached their duty of care by violating the provisions of ADA, Unruh Civil Rights Act and California Disabled Persons Act.

49.    As a direct and proximate result of Defendants' negligent conduct, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief and judgment against Defendants as follows:

1.      For preliminary and permanent injunction directing Defendants to comply with the Americans with Disability Act and the Unruh Civil Rights Act;

2.      Award of all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts, according to proof;

3.      Award of all reasonable restitution for Defendants' unfair competition practices;

4.      Reasonable attorney's fees, litigation expenses, and costs of suit in this action;

5.      Prejudgment interest pursuant to California Civil Code § 3291; and

6.      Such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  September 19, 2022                    SO. CAL. EQUAL ACCESS GROUP


By:    _/s/ Jason J. Kim_____
         Jason J. Kim, Esq.
         Attorneys for Plaintiff